IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0878-WJM-MEH

VIDAL FABELA,

Plaintiff,

v.

ROUSE, Surgery Director/Surgery Decider,
LINDGREN, Health Services Administrator,
MCCLINTON, P.A., and
STERETT, M.D.,

      Defendants.
_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION,
DENYING PLAINTIFF'S PETITION TO REOPEN CIVIL ACTION COMPLAINT OR IN
THE ALTERNATIVE TO GIVE NOTICE OF APPEAL, AND DENYING PLAINTIFF'S
PETITIONS TO DENY DEFENDANTS' RECENT FILINGS**
_____

This matter is before the Court on the following motions:

1. *Pro se* Plaintiff Vidal Fabela's Motion For Reconsideration (ECF No. 60);

2. Plaintiff's Petition to Reopen Civil Action Complaint O[r] [in] the Alternative Petition to Give Notice of Appeal ("Motion to Reopen Case") (ECF No. 61); and

3. Plaintiff's "Petitions to Deny Defendants['] Recent Filings," filed on September 7 and September 13, 2021 (ECF Nos. 66, 67).

For the reasons set forth below, Plaintiff's motions are denied.

### I. BACKGROUND

Plaintiff, a federal inmate, contends that Defendants, four Federal Bureau of Prisons officials who worked at the United States Penitentiary in Florence, Colorado

1

("USP Florence"), were deliberately indifferent to his medical needs when they allegedly did not ensure that he received an arthroscopic procedure on his shoulder within his desired timeframe. (ECF No. 15.)

On December 4, 2020, Defendants filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 37), which was referred United States Magistrate Judge Michael E. Hegarty (ECF No. 38). On April 30, 2021, Judge Hegarty issued a Recommendation, recommending that the Motion to be granted without leave to amend and that the case be closed. (ECF No. 52.) The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (*Id.* at 16.) The Recommendation was served on Plaintiff at USP Florence on May 3, 2021. (ECF No. 54.)

On May 14, 2021, Defendants filed a "Limited Objection to the Recommendation of United States Magistrate Judge (ECF No. 52)," which urged the Court to adopt the Recommendation in full and argued that there are additional grounds upon which the Court should grant the Motion to Dismiss. (ECF No. 55.) On May 24, 2021—21 days after receiving the Recommendation—Plaintiff mailed "Plaintiff's Objection to Magistrate Report" ("Objections"). (ECF No. 56.)

The Court overruled Plaintiff's Objections as untimely on June 7, 2021. (ECF No. 57.) On June 28, 2021, the Court adopted the Recommendation, granted the Motion to Dismiss without leave to amend, and entered final judgment. (ECF Nos. 58, 59.)

## II. MOTION FOR RECONSIDERATION

Because Plaintiff filed his Motion for Reconsideration within 28 days of the Final Judgment, the Court analyzes the motion pursuant to Federal Rule of Civil Procedure

59(e). In the Tenth Circuit, grounds warranting a motion to reconsider under Rule 59(e) include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff's Motion for Reconsideration fails to meet any of these standards.

Plaintiff argues that he filed the Objections within 14 days of receiving Judge Hegarty's Recommendation. (ECF No. 60 at 1.) However, the document he argues that he timely responded to is actually *Defendants' filing* urging the Court to adopt the Recommendation in full—not the Recommendation. (*See id.*) Moreover, the record unambiguously demonstrates that Plaintiff received the Recommendation by May 3, 2021 (ECF No. 54); therefore, Plaintiff's objections were due no later than May 20, 2021 (which includes adding the extra three days provided for in Federal Rule of Civil Procedure 6(d)). Because Plaintiff did not file mail his Objections until May 24, 2021 (ECF No. 56), the Court properly concluded that Plaintiff's Objections were untimely.

Plaintiff further states that he was appointed pro bono counsel, which he never received, and that "in parts of [Judge Hegarty's] Report[,] it is obvious Plaintiff is being mocked for his ignorance of legal speak, etc." (ECF No. 60 at 1.) As an initial matter, the Court notes that it has carefully reviewed the Recommendation and did not find any instances in which Judge Hegarty mocked Plaintiff or Plaintiff's legal arguments. Moreover, the fact that Judge Hegarty issued an Order Appointing Pro Bono Counsel did not mean that Plaintiff would actually receive pro bono counsel. (*See* ECF No. 43 at 3 (specifically advising Plaintiff that "there is no guarantee that Panel members will undertake representation in every case selected as part of the Civil Pro Bono Panel

program").)  The Court therefore finds that Plaintiff has failed to demonstrate manifest injustice warranting reconsideration.

Accordingly, the Motion for Reconsideration is denied.

### III. MOTION TO REOPEN CASE & PETITIONS TO DENY DEFENDANTS' RECENT FILINGS

Because Plaintiff's Motion to Reopen Case and Petitions to Deny Defendants' Recent Filings were filed more than 28 days after Final Judgment was entered, the Court analyzes Plaintiff's arguments in these motions pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) permits a Court to grant relief from a final judgment or order for specified reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  However, "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete*, 204 F.3d at 1012).  Such motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  *Servants of Paraclete*, 204 F.3d at 1012.

In his Motion to Reopen Case, Plaintiff requests an order granting leave to reopen his case.  For support, he argues that "incorrect responses" were made to his pleadings in his case, which can be "clarified by the inmate now aiding [Plaintiff] if the Court [were to] honor the foregoing motion to reopen."  (ECF No. 61 at 1.)  He moves in the alternative "to give notice of appeal."  (*Id.* at 2.)  In response, Defendants argue that Plaintiff has failed to demonstrate any basis for relief under Rule 60(b).  (ECF No. 64 at 1.)

In his Petitions to Deny Defendants' Recent Filings, Plaintiff "respectfully moves for an order denying Defendants['] motion where said filings erroneously maintain that Rule 60(b) could not be used to move for [r]econsideration" and again argues that he now has an inmate aiding him with his case.  (ECF No. 66; ECF No. 67.)

After reviewing the Motion to Reopen Case and Plaintiffs' Petitions to Deny Defendants' Recent Filings, the Court finds that Plaintiff has failed to establish grounds warranting relief under Rule 60(b).  While Plaintiff may wish to correct his prior "incorrect responses," it is well-established that "[a] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument."  *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("recognizing that "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undue those mistakes").  Moreover, allowing Plaintiff to correct his prior "incorrect responses" still would not rectify Plaintiff's failure to timely object to the Recommendation.  Accordingly, the Court denies Plaintiff's Motion to Reopen Case and Petitions to Deny Defendants' Recent Filings to the extend they seek reconsideration pursuant to Rule 60(b).

Moreover, the Court cannot construe Plaintiff's Motion to Reopen Case as a proper notice of appeal that complies with the applicable Federal Rules of Appellate Procedure.  To the extent Plaintiff wishes to appeal the undersigned's orders, he must file a proper notice of appeal that fully complies with Federal Rules of Appellate Procedure 3 and 4.  *See* Fed. R. App. P. 3 (setting forth requirements for notice of appeal); Fed. R. App. P. 4 (establishing timeframe for filing notice of appeal).

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion For Reconsideration (ECF No. 60) is DENIED;

2. Plaintiff's Petition to Reopen Civil Action Complaint O[r] [in] the Alternative Petition to Give Notice of Appeal (ECF No. 61) is DENIED; and

3. Plaintiff's Petitions to Deny Defendants' Recent Filings (ECF Nos. 66, 67) are DENIED.

Dated this 10th day of December, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge